Good morning, I'm Shawn McCrae representing Mr. Soto-Valencia For those of us in the trenches both litigants the attorneys and the court it has been a struggle Coming to grips with the guidelines being advisory and how far that goes This case is a good example of that where judge Panner felt that he was compelled to Give Mr. Soto-Valencia the leadership role and then to deny him the safety valve Although judge Panner specifically said it is my determination The leadership role is wrong and that but for that based on the submissions that Mr Soto-Valencia would have been allowed the safety valve It is our position that because Kimbrough made the guidelines advisory it made the guidelines advisory And as the Supreme Court said in the Spears case, which I provided as an additional citation this morning in essence, we really mean it therefore in 18 USC 3553 F when it talks about The safety valve and it refers to the guidelines. It is our position that those references to the guidelines Must go back to Kimbrough And our advisory and that actually judge Panner did have the discretion To find that mr. Soto-Valencia was not the leader Judge Panner's concern was that there was nothing in the guidelines No case law which said that there couldn't be more than one leader that he had the discretion to reject that and To fashion a sentence which gave mr. Soto-Valencia the safety valve So that's our position in a nutshell and unless the court has questions, I'll reserve my time to respond to miss Usman. All right May it please the court Kelly Zussman appearing on behalf of the United States Your honor addressing the argument that's been raised here regarding the application of the safety valve I think this court in its decision in Hernandez Castro Has rejected the argument that's been raised here There's kind of a two-step process that takes place relative to the safety valve The district court has to determine whether or not the defendant meets all five criteria for the safety valve That's a factual determination judge Panner did that here determined that because mr Soto-Valencia had in fact and it was undisputed had recruited Four people to this offense the his four co-defendants all Received a felony a federal felony convictions because they were recruited by mr. Soto-Valencia That made him a leader as required by the guidelines and under Hernandez Castro When he is ineligible based upon that factual determination, which was reviewed for clear error he is then ineligible for relief under the safety valve and This court held in that case that Booker did not render the safety valve advisory simply by means of referring to Whether or not someone qualifies with regard to the guidelines at one point during the Sentencing hearing the judge indicated that it is my determination that the leadership role is wrong What do you think he meant by that? I think that's the the statement that the defense really latches on in this case And and frankly, I'm not entirely sure Judge Panner made that comment after having gone through the additional Analysis of whether or not he qualified for the safety valve because of the debrief Then a couple of pages later in the transcript. He also says and it's no no no secret, but I'm no fan of statutory minimums But I think it's there's there's no dispute about his factual determination that well He said one other thing had to do is he thought he was truthful Correct. Correct. And then judge Panner went on to say something to the effect of and you know in my view He would be entitled to the safety valve So if you combine that with the statement that judge Wynn just referenced, where does that leave us? my best interpretation of judge Panner's somewhat conflicting remarks is this and That is that he determined that judge that mr. Soto Valencia met four of the five criteria for safety valve He did not meet the leadership criteria and that but for the fact that Congress included the leadership Criteria, he would have been eligible for the safety valve But Congress did Congress required that in order to qualify for the safety valve He could not be a leader or organizer because he was he was disqualified And my best interpretation of judge Panner's comment then is that he disagreed with that he disagreed with Congress's selection of leadership as a criteria But regardless of that, I think judge Panner did what the law requires, which is he made the factual determination because mr. Soto Valencia didn't meet all five of the requirements for safety valve judge Panner properly held that he was not entitled to the safety valve and sentenced him accordingly Unless there are any other questions from the panel about this or are there any if you have any questions about the the stop I'm prepared to answer those. Otherwise, I'm also prepared to submit on the briefs. Thank you. Thank you. Regarding Hernandez-Castro, that was decided in January of 2007. And Kimbrough was decided in December of 2007. So Kimbrough, we submit, supersedes the reasoning of Hernandez-Castro. It is also our position that under Kimbrough, the standard of review would be the abuse of discretion at 55 U.S. 111 in the sense that judge Panner didn't realize that he had the discretion. And he wanted to exercise it. That is clear from his comments during the sentencing hearing. He didn't know that he could. Because of that, we're asking the courts to reverse and remand it for a resentencing. Well, Judge Panner indicated that even without the mandatory minimum, he thought given the factual circumstances of this case, the mandatory minimum sentence would still be warranted. Actually, what he said, Your Honor, but bear with me. What he said is something I probably, without the mandatory minimum, I probably would sentence that defendant to around this time in any event. And that's at excerpt page 127. But around this time is not the same as 120 months. And Mr. Sotovalencia's uncle, who was significantly more entrenched in marijuana grows, both in terms of the number of plants, the fact that he had guns, the fact that he used minors in the offense, was given safety valve and got a sentence of 87 months with the same prosecutor. So we have that disparity issue. But Judge Panner, number one, could have met that. He would give Mr. Sotovalencia a sentence which was significant, that is greater than the guideline range, of 57 to 71 months. But even if he gave Mr. Sotovalencia a sentence which was close to the mandatory minimum amount, 120 months, Mr. Sotovalencia would still be in a position where he would be more eligible for programs, would get good time, and would be eligible for a halfway house. So there's still a big difference in terms of the sentence. Thank you. Thank you. The case just argued is submitted. The United States v. Sotovalencia.
judges: Alarcon, McKeown, Nguyen